IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY DWAYNE HALL                                    PETITIONER

v.                                       Civil No. 4:09-cv-4078

LARRY NORRIS, Director,
Arkansas Department of Correction                              RESPONDENT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, TOMMY DWAYNE HALL, an inmate confined in the Arkansas Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The matter has been referred for findings of fact, conclusions of law and recommendations for the disposition of the case. Pending before the Court is the Petitioner's Motion for Default Judgment. (Doc. No. 10).

**Discussion**:

The Petition for Writ of *Habeas Corpus* was filed in this case on July 24, 2009. (Doc. No. 1). On that day the Court ordered the United States Marshal to serve the Respondent with a copy of the Petition and further ordered the Respondent to file his answer to the Petitioner within twenty (20) days of the date of service. (Doc. No. 4). Respondent was served with a copy of the Petition and the Order to Answer on August 10, 2009. (Doc. No. 6). Respondent filed his Motion to Dismiss Petition for Writ of *Habeas Corpus* on August 26, 2009. (Doc. No. 8).

On August 27, 2009, Petitioner filed his Motion for Default Judgment, alleging the Respondent should have answered within twenty (20) days of the entry of the Order to Answer. Petitioner is incorrect. The Order to answer directed an answer within twenty (20) days *of the date of service* of the

order.  Respondent was served on August 10, 2009, and answered some sixteen (16) days later. Therefore, Respondent is not in default and entry of a default judgment is not warranted.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the Petitioner's Motion for Default Judgment (Doc. No. 10). be **DENIED**.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **29th day of September, 2009.**

        /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE