IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TOMMY DWAYNE HALL                                                    PETITIONER

v.                              Civil No. 4:09-cv-4078

LARRY NORRIS, Director,
Arkansas Department of Correction                                   RESPONDENT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, TOMMY DWAYNE HALL, an inmate confined in the Arkansas Department of

Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The matter

has been referred for findings of fact, conclusions of law and recommendations for the disposition

of the case.   Pending before the Court is the Respondent's Motion to Dismiss.  (Doc. No. 10).   The

Petitioner has responded to this motion and the matter is ready for decision.

**Introduction**:

The Petition for Writ of *Habeas Corpus* was filed in this case on July 24, 2009.  (Doc. No.

1).   On that day the Court ordered the United States Marshal to serve the Respondent with a copy of

the Petition and further ordered the Respondent to file his answer to the Petitioner within twenty (20)

days of the date of service.  (Doc. No. 4).   Respondent was served with a copy of the Petition and the

Order to Answer on August 10, 2009.  (Doc. No. 6).   Respondent filed his Motion to Dismiss Petition

for Writ of *Habeas Corpus* on August 26, 2009.  (Doc. No. 8).

**Procedural Background**[1]:

In 2003, Petitioner pled guilty to possession of a controlled substance in the Circuit Court of

---

[1]The Procedural Background is taken from the pleadings of the parties and is presumed to accurately
reflect the state court proceedings which underlie the instant habeas corpus petition.  *See also, Arkansas v. Hall*,
2006 WL 1032392, *1 (Ark. 2006).

Miller County, Arkansas.  He was sentenced to a term of probation of 120 months.  In 2004 the state filed a petition to revoke his probation.   Petitioner hired David James as counsel and following a hearing on August 24, 2005, his probation was revoked and he was sentenced to 300 months incarceration.  In November 2006 he pled guilty in  the Circuit Court of Miller County, Arkansas, to manufacture, possession or delivery of a controlled substance and was sentenced to 420 months incarceration.

**Current Petition**[2]:

Petitioner claims he was arrested in August 2004 following a traffic stop and charged with possession of a controlled substance.  This arrest led to Petitioner's probation being revoked as described above.  During the course of the arrest, law enforcement officers seized $2,715.00 from the Petitioner.   These seized funds were ultimately forfeited by the state.[3]   The instant petition seeks return of the forfeited $2,715.00.   The Respondent has moved for dismissal asserting that return or restoration of forfeited property is not proper relief pursuant to § 2254.

**Discussion**:

Title 28 United States Code, Section 2254(a) provides:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Petitioner does not challenge that his actual custody in this matter is the result of some constitutional violation, rather he challenges the state court forfeiture of $2,715.00.  He claims

---

[2]The Court notes the Petitioner has two other pending petitions seeking *habeas corpus* relief.  This Report and Recommendation does not address the issues raised in those separate petitions.

[3]*See State v. $2,715.00 in United States Currency and Tommy Hall*, Circuit Court of Miller County, Arkansas, No. CV 2004-285.

the forfeiture hearing was conducted without due process and without notice.  He asserts there was no showing of probable cause to forfeit the funds at issue.   He also claims he was unable to appeal the forfeiture because the state court withheld certified documents to prevent him from perfecting any appeal of the forfeiture order.

Petitioner does not seek release from unlawful confinement in this matter.  Petitioner's claim for relief, namely for the return of forfeited property, is not cognizable in a federal *habeas corpus* proceeding.  His petition should be dismissed.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the Respondent's Motion to Dismiss (Doc. No. 10) be **GRANTED** and the  Petition for Habeas Corpus Relief in this matter be dismissed.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **16th day of February, 2010.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE