IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY DWAYNE HALL                                                               PETITIONER

VS.                                    CASE NO. 09-CV-4078

LARRY NORRIS, Director
Arkansas Department of Correction                                               RESPONDENT

### ORDER

By its Order of March 9, 2010, the Court adopted the Report and Recommendation of Magistrate Judge Barry A. Bryant in the above styled and numbered case. (Doc. 26). Thereafter, following various motions for reconsideration, on July 19, 2010, Petitioner filed a Notice of Appeal and a Motion for Certificate of Appealability ("COA"). (Docs. 34 and 35).[1]

The requirement that a habeas corpus petitioner must obtain a certificate of appealability before an appeal may be taken to the court of appeals is set out in 28 U.S.C. § 2253(c)(1). *See also* FED. R. APP. P. 22(b). In order to obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

As Judge Bryant discussed in his Report and Recommendation, Petitioner seeks the return of $2,715.00 seized by the state of Arkansas following his arrest on drug charges. Title 28 United

---

[1] Petitioner, proceeding pro se, did not file a separate motion for COA when he gave notice of appeal. Pursuant to court policy, a motion for COA was nonetheless entered on the docket upon Petitioner's filing of notice of appeal. Petitioner later filed a separate Motion for Certificate of Appealability. (Doc. 39).

States Code, Section 2254(a) provides that the sole basis for a writ of habeas corpus is that the petitioner "is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added). In other words, habeas corpus relief is available only to remedy unlawful confinement. Because Petitioner's claim for relief seeks the return of forfeited property, it is not cognizable in a federal habeas corpus proceeding. Reasonable jurists would not find this conclusion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner's Motion(s) for Certificate of Appealability is DENIED. (Docs. 35 and 39). Petitioner's Motion for Ruling on Motion for Certificate of Appealability is DENIED as moot. (Doc. 38).

      IT IS SO ORDERED, this 9th day of December, 2010.

                                               /s/ Harry F. Barnes
                                               Hon. Harry F. Barnes
                                               United States District Judge